IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WENDY MARIE WOODS, a/k/a WENDY MARIE GRIMES, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:05CV048 |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court by consent of the parties on the Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The court's diversity jurisdiction is properly invoked under 28 U.S.C. §§ 1441(a) and 1332(a). For the reasons set forth herein, the Defendant's motion is GRANTED.

### Facts

On February 1, 2003, Wendy Woods (Plaintiff) visited a Richmond-area Wal-Mart store with her friend, Tammy Gray, and Gray's young daughter. (Pl.'s Mem. Opp. Def.'s Mot. Summ. J. (Pl.'s Mem.), ex. A at 29-31 (Pl.'s Dep.)). While in the store, the Plaintiff separated from Gray and headed toward the front of the store. Id. at 33. As she walked down an aisle which housed cleaning products, she slipped and grabbed onto some shelving on the side of the aisle. Id. at 33-34. She did not fall to the ground, but nevertheless injured a leg and her lower back. Id. at 36; Pl.'s Mem. at 2. After she caught herself, the Plaintiff looked down and saw a puddle on the floor, through which, as she describes, there were cart tracks. (Pl.'s Mem., ex. A at 34 (Pl.'s

Dep.)). She also observed that some of the puddle appeared to have dried and to have accumulated dust. Id. at 43. There was a bottle of Mop & Glo with a cracked cap nearby on the floor. Id. at 57-58.

A customer passing the aisle stopped and asked if the Plaintiff needed help. Id. at 63-64. The Plaintiff sat down on a box that was in the aisle. Less than a minute later, a Wal-Mart employee came down the aisle and began cleaning up the spill, without saying anything to the Plaintiff. Id. at 67. Thereafter, a Wal-Mart manager arrived on the scene and attempted to stop the employee from cleaning up the spill, but the task had been essentially completed. Id. at 68-70.

The Plaintiff has admitted that she does not know how the liquid had spilled onto the floor, who had spilled it, when it was spilled onto the floor, or how long it had been on the floor before she slipped on it. Id. at 58-60. Additionally, she does not know the last time anyone had walked down the aisle in which she fell, who had made the track marks through the puddle, or at what time the track marks were made. Id. at 59-60.

On January 25, 2005, the Plaintiff filed the instant action against Wal-Mart Stores, Inc. (Defendant) alleging negligence. The Plaintiff seeks $1,000,000.00 in damages, as well as interest and costs.

**Standard of Review**

Summary judgment is only to be granted when there is no genuine dispute as to any issue of material fact when all justifiable inferences are drawn in favor of the non-moving party and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However,

unsupported conclusory allegations by the non-moving party are not sufficient to create a genuine dispute of material fact so as to withstand the granting of relief. Celotex Corp., 477 U.S. at 328 (White, J., concurring). In essence, the court must decide if the evidence when viewed in the light most favorable to the non-moving party "presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

**Analysis**

Because this matter is in federal court on diversity grounds, the substantive law of the forum state, Virginia, applies. *See* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Redman v. John D. Brush & Co., 111 F.3d 1174, 1177 (4th Cir. 1997) (holding that Virginia law applied to the substantive issues of law because the incidents giving rise to the plaintiff's complaint all occurred in Virginia). Under Virginia law, a store owner does not insure the safety of his premises, but he must keep the store in a "reasonably safe" condition and must, within a reasonable time, remove from the floor any foreign objects that the owner placed there or that the owner knew or should have known had been placed there that might pose a hazard. Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167, 169 (4th Cir. 1966); Colonial Stores, Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). Accordingly, "[i]n premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a prima facie case of negligence." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993).

*Actual Knowledge*

In opposition to the motion for summary judgment, the Plaintiff argues that the Defendant had actual knowledge of the spill before the Plaintiff slipped. Specifically, the Plaintiff claims that the arrival of a Wal-Mart employee to clean up the spill almost immediately after she slipped indicates that the employee had been notified about the spill before the Plaintiff slipped and had been on his way to clean it up, thereby establishing actual knowledge on the part of the Defendant. (Pl.'s Mem. at 3).

To accept the Plaintiff's argument, the court would have to infer from just the timing of the maintenance employee's arrival that he had been on his way to clean up the spill when the Plaintiff fell, even though the employee himself testified in deposition that he cannot remember exactly where he was when another Wal-Mart employee notified him of the spill. (Pl.'s Mem. at 4). The court could just as easily speculate that the maintenance employee was just a short distance away when the Plaintiff fell and came immediately to clear away the liquid. "Genuine issues of material fact cannot be based on mere speculation or the building of one inference upon another." Barwick v. Celotex Corp., 736 F.2d 946, 963 (4th Cir. 1984). The Plaintiff's speculation as to the significance of the timing in which the maintenance employee was notified of the spill fails to create a genuine issue of material fact with respect to the Defendant's actual knowledge of the defective condition.

*Constructive Knowledge*

To establish constructive knowledge sufficient to invoke a duty of care on a defendant store owner, a plaintiff must establish that "the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim,

434 S.E.2d at 890. Accordingly, "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a prima facie case." Id. (emphasis added).

The Plaintiff argues that the Defendant had constructive knowledge of the defective condition. Specifically, the Plaintiff claims that because slip and fall accidents are common in Wal-Mart stores, the Defendant was put on constructive notice of the defective condition. (Pl.'s Mem. at 5-6). However, the Defendant counters that the general accident history of its stores cannot establish constructive notice of a particular defective condition on a particular occasion. For example, in Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446 (4th Cir. 2004), the plaintiff, who had been struck by a falling mirror, claimed that the defendant store owner had constructive notice of the defective condition because there had been 18,000 similar incidents involving falling merchandise in its stores over the last few years. Id. at 453. The court in Hodge rejected the plaintiff's argument, observing that "such evidence is insufficient proof of actual or constructive notice under Virginia law; it only goes to whether the unsafe condition that produced her injury was foreseeable in general, not whether Wal-Mart had actual or constructive notice of the *specific* unsafe condition that injured *her*." Id. (emphasis added). Similarly, in this case, the Plaintiff's claim that the Defendant was put on constructive notice of the defective condition because of numerous incidents in recent years does not establish that Wal-Mart had constructive notice of the *specific* unsafe condition that injured the Plaintiff.

The Plaintiff also believes that the physical condition of the spill, described as dirty, drying, and in which cart tracks were purportedly seen, demonstrates that it had been on the floor for a prolonged time and that the Defendant therefore had constructive notice of the condition. (Pl.'s Mem. at 2-3). In Great Atlantic & Pacific Tea Co. v. Berry, 128 S.E.2d 311 (Va. 1962),

the Supreme Court of Virginia observed that there are a minority of jurisdictions which allow evidence of spilled substances as appearing old-looking, dirty, or grimy to establish how long the substances had been on the floor. Id. at 313-14. However, the Court found such an approach to be a "liberal expansion of the doctrine of 'constructive notice'" and explicitly rejected it. Id. at 314. Accordingly, in this case, the Plaintiff's contention that the spill appeared dirty, drying, and had tracks running through it is not enough under Virginia law to establish when the spill occurred. Since the Plaintiff is unable to establish when the spill occurred, she also cannot establish that the spill had existed for a long enough period of time to charge the Defendant with constructive knowledge. See Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 651 (Va. 1990) (holding that where the plaintiff could not show that the defendant knew of the destructive condition or how long the condition had been there, she could not prove constructive notice); *see also* Colonial Stores v. Pulley, 125 S.E.2d 188, 190 (Va. 1962).

*Admission of Liability*

The Plaintiff alleges that after her accident, Regina Stark, a customer service manager on duty at the store at the time of the incident, told the Plaintiff that she should retain an attorney and hold Wal-Mart liable for what had occurred. (Pl.'s Mem. at 6). The Plaintiff argues that such a statement constitutes an admission of liability on the part of the Defendant.[1]

Federal Rule of Evidence 801(d)(2) provides, in part, that an admission by a party opponent is not hearsay if it:

is offered against a party and is . . . (C) a statement by a person authorized by the

---

[1] Stark apparently denies making the statement, but even if the fact finder were to conclude that it was made, it is not admissible for the purpose the Plaintiff seeks. (Rebutt'l. Mem. Supp. Def's Mot. Summ. J. (Def.'s Rebutt'l. Mem.), ex. E at 25-26 (Stark's Dep.)).

>party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

"Authority in the context of 801(d)(2)(C) means 'authority to speak' on a particular subject on behalf of someone else." Precision Piping & Instruments, Inc. v. E.I. Dupont Denemours & Co., 951 F.2d 613, 619 (4th Cir. 1991). Therefore, under subsection (C) of this rule, "an employee's admissions damaging to his employer would be inadmissible on the grounds that the employee was not authorized to make damaging admissions." United States v. Portsmouth Paving Corp., 694 F.2d 312, 321 (4th Cir. 1982). Under subsection (D), however, "independent evidence establishing the existence of the agency must be adduced, but specific authorization to speak need not be shown. That the statement is made within the scope of the agency is sufficient." Id. In other words, "[t]he corporation's agent need not have authority to make the statement at issue, but rather the subject of the statement must relate to the employee's area of authority." United States v. Brothers Constr. Co., 219 F.3d 300, 311 (4th Cir. 2000).

Essentially, the rule indicates that the Plaintiff must either show under subsection (C) that Stark was authorized to make an admission of liability, which is most unlikely, or under subsection (D) that Stark made the statement within the scope of her employment. However, even while considering the allegation in the light most favorable to the Plaintiff, and assuming that the prerequisite for admissibility could be satisfied,[2] Stark's supposed words nevertheless appear to be nothing more than a mere expression of her individual opinion as to what course of

---

[2]Such an eventuality is in doubt because the Plaintiff has proffered no evidence showing that Stark was authorized by her employer to make an admission of liability on its behalf and, more importantly, the Plaintiff has not necessarily shown that Stark made the statement within the scope of her agency as a customer service manager.

action the Plaintiff, or anyone in such a situation, should have taken following the incident. Stated another way, even if the alleged statement is considered to have been made in the scope of her agency, it is too attenuated from the basic issue of whether the Defendant is liable to be considered as an admission..

*Spoliation of Evidence*

Finally, the Plaintiff alleges that the Defendant engaged in spoliation of evidence that requires relief because the cap to the Mop & Glo bottle which produced the spilled liquid was never found and the bottle itself was destroyed. (Pl.'s Mem. at 6). "Under the spoliation of evidence rule, an adverse inference may be drawn against a party who destroys *relevant* evidence." Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 155 (4th Cir. 1995) (emphasis added). However, "the vast weight of authority, including the Virginia Supreme Court, holds that absent bad-faith conduct applying a rule of law that results in dismissal on the grounds of spoliation of evidence is not authorized." Cole v. Keller Industries, 132 F.3d 1044, 1047 (4th Cir. 1998); *see also* Gentry v. Toyota Motor Corp., 471 S.E.2d 485, 488 (Va. 1996) (holding that the trial court abused its discretion in dismissing the case for spoliation of evidence where there was no evidence of bad faith and no prejudice to the moving party).

Here, the Plaintiff has not shown either that the destroyed evidence was relevant, or that it was destroyed in bad faith. There is no dispute that there was a spill and that it emanated from the bottle of Mop & Glo. (Def.'s Rebutt'l Mem. at 10). Accordingly, the condition of the bottle itself is largely irrelevant and its destruction does not prejudice the Plaintiff. Additionally, the Plaintiff has put forth no evidence showing that the Defendant acted in bad faith in destroying the bottle. She simply asserts that the Defendant's assistant store manager was unable to find the

bottle's cap and that all but a cut out piece of the bottle was ultimately destroyed. (Pl.'s Mem. at 6). Such factual allegations, even if accepted as true, do not establish bad faith on the part of the Defendant or relevancy sufficient to justify any adverse influence or other related relief.

## Conclusion

Under Virginia law, it is clear that a showing of actual or constructive notice is required to impose liability on a store owner in a so-called slip and fall case. The Plaintiff has not made the requisite showing as a matter of law. For the foregoing reasons, the Defendant's motion for summary judgment will be GRANTED.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Date: October 11, 2005